UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: August 7, 2020

| | |
|---|---|
| ANTON F. LIVERPOOL,<br><br>                    Plaintiff,<br><br>            -against-<br><br>THE CITY OF NEW YORK; JOHN DOE #1 Warden of Anna Kross Correctional Rikers Island; JOHN DOE #2 Deputy Warden of Anna Kross Correctional Rikers Island; JOHN DOE #3 Watch tour commander of Anna Kross Correctional Rikers Island; JOHN DOE #4, Area Supervising Captain of Anna Kross Correctional Rikers Island; OFFICER VAUNGH; JOHN DOE #5 Officer John Doe of Anna Kross Correctional Rikers Island; JOHN DOE #6 Officer John Doe of Anna Kross Correctional Rikers Island; JOHN DOE #7 Officer John Doe of Anna Kross Correctional Rikers Island,<br><br>                    Defendants. | 1:20-CV-4664 (ER)<br><br>ORDER OF SERVICE |

EDGARDO RAMOS, United States District Judge:

       Plaintiff, who appears *pro se* and is currently held in the Anthony P. Travisono Intake Service Center, in Cranston, Rhode Island, brings this action asserting that the defendants violated his federal constitutional rights. He sues the City of New York, and members of the staff of the Anna M. Kross Center on Rikers Island, including Correction Officer Vaungh and unidentified "John Doe" defendants. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law. By order dated August 5, 2020, the Court

granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

The Court requests that the City of New York and Defendant Vaungh waive service of summons. The Court also directs the City of New York and Defendant Vaungh to comply with Local Civil Rule 33.2. The Court further directs the Corporation Counsel of the City of New York to provide Plaintiff with the identities (including badge numbers, if applicable) of the "John Doe" defendants.

### DISCUSSION

**A.    The City of New York and Defendant Vaungh**

The Court directs the Clerk of Court to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York and Defendant Vaungh (a Correction Officer who was assigned to the Anna M. Kross Center's "3 Upper" housing unit on July 12 and 13, 2018, during the 11:00 p.m. to 7:00 a.m. tour of duty) waive service of summons.

**B.    Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of this order, the City of New York and Defendant Vaungh must serve responses to those

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

standard discovery requests. In their responses, the City of New York and Defendant Vaungh must quote each request verbatim.[2]

### C. The "John Doe" Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York City Department of Correction ("DOC") to identify the "John Doe" defendants. Those defendants include: (1) the person who was the Warden of the Anna M. Kross Center ("AMKC") on July 12 and 13, 2018, (2) the person who was a Deputy Warden of the AMKC on July 12 and 13, 2018, and who was responsible for Plaintiff's security on those dates, (3) the person who was assigned as "Watch/Tour Commander" for the AMKC's "3 Upper" housing unit on July 12 and 13, 2018, (4) a Correction Captain who was assigned to the AMKC's "3 Upper" housing unit on July 12 and 13, 2018, and who was aware of previous threats and assaults against Plaintiff by other prisoners, (5) a Correction Officer who was assigned with Defendant Vaungh to the AMKC's "3 Upper" housing unit on July 12 and 13, 2018, for the 11:00 p.m. to 7:00 a.m. tour of duty, (6) Correction Officers who were assigned to the AMKC's "3 Upper" housing unit on July 12, 2018, at 9:00 p.m., who were responsible for securing prisoners in their cells in that housing unit. It is this therefore ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent of the DOC, must ascertain the identifies (including badge numbers, if applicable) of each "John Doe"

---

[2] If Plaintiff would like copies of those discovery requests before receiving any responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

defendant whom Plaintiff seeks to sue here.[3] The Corporation Counsel must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order (1) requesting that the newly identified defendants waive service of summons, and (2) directing the newly identified defendants to comply with Local Civil Rule 33.2.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York and Defendant Vaungh (a Correction Officer who was assigned to the Anna M. Kross Center's "3 Upper" housing unit on July 12 and 13, 2018, during the 11:00 p.m. to 7:00 a.m. tour of duty) waive service of summons.

The Court further directs the City of New York and Defendant Vaungh to comply with Local Civil Rule 33.2 within 120 days of the date of this order.

---

[3] If any of the "John Doe" defendants is a current or former DOC employee or official, the Corporation Counsel should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for actions involving DOC defendants, rather than by personal service at a DOC facility.

In addition, the Court directs the Clerk of Court to mail a copy of this order and the complaint to the Corporation Counsel of the City of New York at 100 Church Street, New York, New York 10007.

An amended civil rights complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 7, 2020
         New York, New York

_____
EDGARDO RAMOS
United States District Judge

5