UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTON F. LIVERPOOL,

                Plaintiff,

– against –

THE CITY OF NEW YORK, KISA SMALLS, MARCIA VAUGHN, ASSISTANT DEPUTY WARDEN AINSWORTH FOO, CAPTAIN DELILAH HOPE, ERNESTO VALLEJOS, OFFICER MILTON HOSSEN, *and* DEPUTY WARDEN CHANTELLE JOHNSON,

                Defendants.

**ORDER**

20-cv-4664 (ER)

---

Ramos, D.J.:

    *Pro se* plaintiff Anton F. Liverpool brings this action under 42 U.S.C. § 1983, alleging a violation of his constitutional rights. On August 2, 2024, the Court received a letter from Plaintiff requesting that the Court appoint him *pro bono* counsel. *See* Doc. 132.

    Courts do not have the power to obligate attorneys to represent *pro se* litigants in civil cases. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa,* 490 U.S. 296, 310 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, order that the *Pro Se* Office request that an attorney represent an indigent litigant by placing the matter on a list that is circulated to attorneys who are members of the Court's *Pro Bono* Panel. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The standards governing the appointment of counsel in *pro se* cases were set forth by the Court of Appeals in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and

*Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986).  The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case and Plaintiff's ability to gather the facts and present the case if unassisted by counsel.  *See Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (citing factors set forth in *Hodge*, 802 F.2d at 60–62).  Of these, the Court must "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and, if this threshold requirement is met, then the Court must consider additional factors, including the *pro se* litigant's "ability to handle the case without assistance," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392.

    The Court is unable to conclude that Plaintiff's claims are likely to have merit, although naturally that may change as the litigation progresses.  Accordingly, Plaintiff's application for the appointment of *pro bono* counsel is DENIED without prejudice to possible renewal at a later stage in the progress of the case.  The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff and to terminate the motion, Doc. 132.

    It is SO ORDERED.

Dated: August 5, 2024
       New York, New York

_____
Edgardo Ramos, U.S.D.J.